IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


KEZIA SHENEE MORRISON,                 :

          Plaintiff,                   :

vs.                                    :     CIVIL ACTION 12-00083-KD-N

BALDWIN COUNTY SHERIFF
CORRECTION CENTER,                     :

          Defendant.                   :

## REPORT AND RECOMMENDATION


Plaintiff, an Alabama prison inmate proceeding pro se, filed the instant case alleging

violations under 42 U.S.C. § 1983 (Doc. 1).  This case was referred to the undersigned

Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate

action.  Because Plaintiff has failed to prosecute and to comply with the Court's Order dated

February 27, 2012, it is recommended that this action be dismissed without prejudice.

Plaintiff's complaint (Doc. 1) was not filed on the Court's required form and she did not

file a motion to proceed without prepayment of fees or pay the $350.00 filing fee. Accordingly,

on February 14, 2012, this Court issued an Order directing Plaintiff to file her complaint and a

motion to proceed without prepayment of fees on the Court's current forms by March 14, 2012[1]

(Doc. 2).  On February 23, 2012, the Court received mail returned as undeliverable addressed to

Plaintiff at Baldwin County Jail which was the address listed on Plaintiff's complaint (Doc. 3).

The Court contacted the Baldwin County Jail and was informed that Plaintiff had been released

---

[1]Plaintiff was also advised that in lieu of the motion to proceed without payment of fees, she could pay the $350.00 filing fee by March 14, 2012 (Doc. 2).

form incarceration. On February 27, 2012, the Court issued an Order directing Plaintiff to file her complaint and a motion to proceed without prepayment of fees (or pay the $350.00 filing fee) by March 27, 2012 (Doc. 4). This Order was mailed to Plaintiff at the Albany, GA address also listed on her complaint. Plaintiff was advised that if she elected not to refile on the Court′s current forms for a complaint under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees, or pay the filing fee, a recommendation would be entered to dismiss her action without prejudice for failure to prosecute and to obey the Court's order.   The Court also directed the Clerk to forward to Plaintiff a copy of the requisite forms along with a copy of the Order. To date, there has been no return mail of Doc. 4.

Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.   Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).   Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140

(1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this 3rd day of April, 2012.

s/KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.   Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.   Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.   Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

S/ KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE